IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER SAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-2231 CM/JPO |
| | ) |
| JOHNSON COUNTY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

WHEREAS, the parties are engaged in discovery that involves, among other things, the production or disclosure of information deemed confidential, including personally identifiable records of current and former employees of Defendant Johnson County Community College ("JCCC"), medical and financial information regarding Plaintiff, and business and financial information regarding Defendant ("Confidential Information"). Additionally, Plaintiff has alleged numerous scandalous and salacious allegations in the Complaint (ECF Doc. No. 1 at Para 7 a-d and in the Exhibits attached to the Complaint). Defendant seeks to protect and prevent any further disclosure, gratuitous reference or publication of documents, records or testimony which reference the sexual comments. Defendant asserts that good cause exists to protect against the unnecessary perpetuation of the references to profane or obscene words or gestures.

IT IS HEREBY ORDERED:

1. This Protective Order applies to all documents and information produced or disclosed in this Action, whether revealed in a document, deposition, an interrogatory answer, or otherwise ("Discovery Material").

2. "Confidential Information" means any type or classification of information that is

designated as "Confidential" by the supplying party, and reasonably believed to be subject to protection under Federal Rule of Civil Procedure 26, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise. In designating information as "Confidential," the supplying party will make such designation only as to that information that party in good faith believes to be Confidential Information.

3. The "Action" means *Christopher Sager v. JCCC,* Case No. 11-CV-2231 CM/JPO, filed in the United States District Court for the District of Kansas.

4. "Document" means any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

5. "Qualified Persons" means (a) in-house and outside counsel representing a party in the Action, including associate attorneys and paralegals; (b) experts who are assisting counsel in the preparation of the Action; (c) any litigation assistant, paralegal, stenographic, secretarial, or clerical personnel assisting such counsel in the Action; (d) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by the expert assisting such expert in the Action; (e) any court reporter or typist or videographer recording or transcribing testimony; (f) the Court; (g) the parties, or officers, directors, and employees of parties; (h) potential witnesses; and (i) any other persons agreed to in writing by the parties, either as to all or any Confidential Information in the Action.

6. "Termination of the Action" means within 60 days after the entry of the final judgment or stipulation of dismissal, or in the case of appeal, the date when all appeals are resolved.

7. The parties will use the Discovery Material and Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting the Action and for no other purpose. The parties may designate documents as Confidential after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

8. This Order shall be without prejudice to the right of any party: (a) to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege; (b) to petition the Court for a further protective order relating to any purportedly confidential information; or (c) to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. The existence of this Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure. This Order is not intended to restrict the use by either party of information secured through discovery or otherwise, which use is authorized by state or federal law, administrative regulation, or contract entered into pursuant to those laws or regulations.

9. Except as provided in this Order, Confidential Information produced in this Action will be disclosed by the receiving party only to Qualified Persons who must have read this Order.

10. Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraphs 5(b), 5(d), and 5(i), such person must agree in writing to obey the terms of this Order prior to receiving Confidential Information. The written format for this Confidentiality Agreement will be substantially as follows:

> "I acknowledge that I [name], [position of employment], am about to receive Confidential Information supplied by [insert supplier]. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date] in *Christopher Sager v. Johnson County Community*

>*College* Case No. 11-CV-2231 CM/JPO, filed in the United States District Court for the District of Kansas, and that I have been given a copy of and have read said order and agree to be bound by the terms thereof. I understand that such information and any copies I make of any documentary material containing Confidential Information or any notes or other records that contain such information shall not be disclosed to others, except with respect to 'Qualified Persons', as provided in that Order."

Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraph 5 (h), the party showing such information shall advise the potential witness that the information is Confidential and cannot be used except in this Action and shall give the potential witness a copy of this Order. Any attorney of record for each party must maintain a list of names of all persons to whom such Confidential Information is disclosed.

11. Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness. If material designated as Confidential is used at a deposition, counsel for the party using such material must provide the witness with a copy of this Confidentiality Order and ask the witness to execute the Confidentiality Agreement set forth in Paragraph 10, which shall be entered as an exhibit in the witness's deposition.

12. Any Confidential Information supplied in written or documentary form must be labeled by the supplying party as "Confidential". All deposition transcripts must be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations. Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 11.

13. All Confidential Information that is to be filed with the Court must be filed in conformance with any local rules and specific court order permitting the filing of sealed documents.

14. If the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. If the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential.

15. No party is obligated to challenge the propriety of a Confidential designation, and a failure to do so will not preclude a subsequent attack on the propriety of such designation.

16. The receiving party must maintain all Confidential Information produced or exchanged in this Action or notes or other records regarding the contents thereof, and no partial or complete copies thereof may be retained by anyone else at any other location than the officers of such counsel, except when being used by experts in connection with the Action, or at depositions, unless otherwise authorized by stipulation of the parties or by order of the Court.

17. Upon Termination of the Action, each party within thirty (30) days will assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Discovery Material and Confidential Information and documentary material or memoranda embodying information designated Confidential, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. Alternatively, at the option of the supplying party, the receiving party will destroy all such materials within thirty (30) days of the Termination of the Action and certify to the supplying party that he or it has done so. As to any copies of Confidential Information claimed to contain attorney's work product, they must be

destroyed by the receiving party within thirty (30) days of the Termination of the Action, and that party must certify to the supplying party that he or it has done so.

18. Nothing in this order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modifications.

19. All terms of this Protective Order apply to all documents and information produced or disclosed by third parties who produce or disclose Discovery Material in the Action, and such third parties may designate Discovery Material produced by them as Confidential pursuant to this Protective Order.

20. If any person receiving documents covered by this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) served with any other legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as Confidential by someone other than the receiving party, the receiving party must promptly notify the supplying party of receipt of such subpoena, demand or legal process, and will decline to produce such material unless otherwise ordered by a court. Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party will respond by setting forth the existence of this Order and, other than providing notice pursuant to the previous sentence, will be under no further obligation to preserve the confidentiality of any such documents in connection with such subpoena, demand or legal process. Nothing here may be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to

subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated September 29, 2011, at Kansas City, Kansas.

   s/   James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

SUBMITTED AND AGREED BY:

/s/Mark A. Ferguson
| Mark A. Ferguson | #14843 |
| Thomas E. Hammond, II | #23312 |

Gates, Shields & Ferguson, P.A.
10990 Quivira, Suite 200
Overland Park, Kansas 66210-1284
Tel: 913-661-0222
Fax: 913-491-6398
markferguson@gsflegal.com
thammond@gsflegal.com

Attorneys for Defendant JCCC

/s/ Brian R. Barjenbruch
Brian R. Barjenbruch          # 21523
The Castle Law Office of Kansas City, P.C.
811 Grand Boulevard, Suite 101
Kansas City, Missouri 64106
Phone: (816) 283-0303, Ext. 246
Facsimile: (816) 842-0016
Email: bbarjenbruch@castlelaw-kc.com

Attorneys for Plaintiff Christopher Sager