IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER SAGER,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**JOHNSON COUNTY COMMUNITY** )<br>**COLLEGE,** )<br>)<br>**Defendant.** )<br>) | Case No. 11-2231-CM |

## MEMORANDUM AND ORDER

Plaintiff Christopher Sager brings this employment discrimination action against his former employer, defendant Johnson County Community College, pursuant to Title VII of the Civil Rights Act of 1964. After several instances of inaction by plaintiff, defendant filed Defendant's Motion for Sanctions (Doc. 21). Defendant contends that the court should sanction plaintiff for failing to comply with a number of deadlines in this case. Plaintiff initially failed to respond to defendant's motion for sanctions. The court ordered plaintiff to show cause why the motion should not be granted, and, having been given a second chance, plaintiff filed a five-paragraph response to the motion. Essentially, plaintiff claims that the court should not sanction him because he is now in compliance with discovery.

### I. Factual Background

The following chart roughly outlines the actions that defendant claims plaintiff either failed to take or took in an untimely manner:

| **Action Required** | **Deadline** | **Additional Resources Expended Because of Plaintiff's Failure to Timely Act** | **Date of Plaintiff's Compliance or Alleged Compliance** | **Days Tardy** |
|---|---|---|---|---|
| Make electronically stored information ("ESI") preservation request for specific individuals | 9/14/11 | Parties discussed the issue again at the scheduling conference on 9/15/11.  Judge O'Hara directed plaintiff to present requests by the close of business on 9/16/11.  Defendant sent follow-up letter on 9/19/11 after plaintiff failed to make request by 9/16/11.  Defendant then, on its own, identified reasonable ESI to place on hold and sent plaintiff two follow-up letters on 9/21 and 9/22.  The ESI saga continued for several more days before the parties were able to agree on a Joint Stipulation on 9/29/11. | On 9/22/11, defendant received a letter dated 9/16/11 from plaintiff.  The letter was postmarked 9/20/11. | 6–8 |
| Make Rule 26(a)(1) Disclosures | 9/30/11 | On 10/4/11, defendant attempted to confer by letter.  On 10/11/11, defendant sent an email requesting that plaintiff make his disclosures. | 10/12/11 | 12 |
| Provide Rule 26(a)(1) Attachments | 9/30/11 | On 10/4/11, defendant attempted to confer by letter.  On 10/11/11, defendant sent an email requesting that plaintiff make his disclosures.  Although plaintiff made his disclosures on 10/12, he failed to include documents with the disclosures. | 12/12/11 | 73 |
| Provide settlement proposal | 10/7/11 | After plaintiff made his late settlement proposal, defendant timely responded by its deadline of 10/17/11. | 10/12/11 | 5 |
| Respond to defendant's interrogatories and requests for production | 10/21/11 | | 12/12/11 | 52 |
| Respond to defendant's motion to dismiss | 10/21/11 | Court issued an order to show cause on 10/28/11.  Plaintiff failed to respond to the order to show cause by 11/4/11.  The court granted the motion to dismiss without the benefit of a response on 11/14/11. | No response filed to motion or court's order to show cause. | N/A |
| Respond to defendant's motion for sanctions | 11/18/11 | Defendant filed a supplement to its motion on 11/29/11.  Court entered an order to show cause on 12/5/11. | 12/12/11 | 24 |

**II.     Governing Legal Standards**

When a party fails to obey court orders (including scheduling orders), the court "may issue any just orders." Fed. R. Civ. P. 16(f)(1). Under this authority, the court may sanction the delinquent party under Rule 37(b)(2)(A)(ii)-(vii). *Id.* Rule 37 gives the court a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures. The court may prohibit the uncooperative party from supporting or opposing particular claims/defenses or may limit evidence the party may introduce at trial. Fed. R. Civ. P. 37(b)(2)(A)(ii). Or, the court may dismiss some or all of the party's claims. *See id.* 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). When considering dismissal as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (affirming a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37). The court may dismiss a case if these factors outweigh the court's preference to resolve cases on their merits. *Nelson v. Herff Jones*, No. 07-2170-JPO, 2008 WL 427549, at *3 (D. Kan. Feb. 13, 2008). The sanction of dismissal is "appropriate only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920.

Finally, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f)(2). If the noncompliant party shows that his or her actions were substantially justified or that the circumstances render an award of expenses unjust, the court may elect to deny expenses to the aggrieved party. *Id.*; *see also Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2006 WL 963838, at *2 (D. Kan. Apr. 10, 2006) (citation omitted).

### III.  Discussion

In response to the court's order to show cause why the motion for sanctions should not be granted as unopposed, plaintiff represented that he had brought himself into compliance with discovery as of December 12, 2011. Plaintiff then recited the standards for dismissing a case as a sanction. The sum total of his argument why the court should not dismiss the case was as follows:

> In this case, this Court has not ordered or warned of dismissal for failing to comply with discovery. Further, defendant cannot and does not establish any prejudice to date, but rather suggests that this Court punish plaintiff for his choice of counsel. Mr. Ferguson's overzealous tone aside, nothing in this case suggests that plaintiff should be punished.
> Plaintiff is now in reasonable compliance with discovery; this case should be permitted to proceed.

(Doc. 31 at 1-2.) The court will now evaluate how plaintiff's response stands up to the factors for dismissing his case.

#### A.  Degree of Actual Prejudice

Plaintiff's behavior has caused defendant prejudice in this action. Defendant has had to write numerous letters and emails regarding plaintiff's delinquency. Most significantly, plaintiff's dilatory actions caused defendant to expend significant resources researching and briefing the instant motion. Defendant has been forced to incur more expenses than necessary because its attorney has been forced to focus on issues other than the merits of the case.

Plaintiff claims that defendant has not suffered prejudice because defendant now has the discovery it sought. But merely having the discovery is not the only issue. Plaintiff's failure to comply with deadlines has unnecessarily increased the amount of work defendant has had to do and multiplied the proceedings. The court finds that defendant has suffered actual prejudice.

### B. Interference with Judicial Process

Plaintiff has also interfered with judicial process. When plaintiff failed to respond to defendant's motion to dismiss plaintiff's claim for punitive damages, the court entered a show cause order. And then when plaintiff still failed to respond, the court independently researched the issue and determined that plaintiff's claim for punitive damage should, indeed, have been dismissed. But if plaintiff did not intend to pursue the claim, he could have notified the court that he intended to concede the motion. That would have been preferable to simply not responding at all.

After defendant filed the instant motion, the court again entered a show cause order because plaintiff failed to timely respond to the motion. This dragged out briefing on the motion and slowed down judicial process. This second factor again weighs in favor of dismissal.

### C. Litigant's Culpability

The pattern of dilatory conduct in this case suggests that plaintiff is culpable for his conduct. To the extent that the missed deadlines in this case are plaintiff's counsel's fault and not plaintiff's, the difference is immaterial. Counsel's acts are attributable to plaintiff, and plaintiff therefore cannot contend that he is undeserving of punishment for his counsel's inability to adhere to deadlines. *Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 698 (D. Kan. 2008). Defendant has warned plaintiff's counsel about his failure to comply with deadlines. Plaintiff's practice of setting his own schedule is neither condoned nor appreciated by the court. This factor weighs in favor of dismissal.

D. Prior Warning

The court has not warned plaintiff that dismissal is a likely sanction for failure to adhere to deadlines. Notice, however, is not a prerequisite for dismissal. *Id.* at 697. But the court generally prefers to give notice of the possible sanction before dismissing a case. This factor weighs against dismissal at this time.

E. Efficacy of Lesser Sanctions

Finally, the court considers the efficacy of lesser sanctions. The instances of plaintiff's failures to adhere to deadlines in this case are plentiful. Individually, each instance seems moderately harmless. But in their totality, they have disrupted this case and impeded the swift and efficient administration of justice. Despite this impact, dismissal without prior warning seems an unreasonably harsh sanction. Where feasible, the court prefers to resolve cases on their merits. And the court has not yet sanctioned plaintiff in this case, leaving open the possibility that any sanction—even a seemingly light penalty—will be effective.

Defendant alternatively seeks lesser sanctions than dismissal: Defendant asks the court to (1) preclude plaintiff from seeking any ESI from defendant; (2) grant defendant's motion to dismiss plaintiff's claim for punitive damages (which the court has already done); (3) declare that plaintiff has waived all objections to defendant's discovery requests; (4) order reimbursement for defendant's expenses associated with this motion; and (5) issue an explicit warning to plaintiff that further noncompliance with deadlines may result in dismissal. The court now evaluates whether any of these proposals would be effective in motivating plaintiff to meet deadlines in this case.

Precluding plaintiff from seeking ESI as a sanction will likely have little impact. It appears that this remedy may be independently justified on other bases, if plaintiff failed to timely request

production.  The deadlines for ESI have long-since passed, and the court finds little value in issuing a ruling prohibiting ESI at this time.

Similarly, as the court has already independently granted defendant's motion to dismiss plaintiff's claim for punitive damages, this requested remedy will not be effective as a sanction.

The court also does not believe that sanctioning plaintiff by prohibiting him from objecting to any of defendant's discovery requests would be effective.  The court is unaware whether plaintiff actually served any objections when he finally provided his responses.  In any event, it is likely that any objections would be considered untimely of their own accord and waived for that reason.  If the timeliness of any objections becomes an issue in the case, the court can determine whether they are waived at that time.  This alternative remedy will not be effective as a sanction, and the court denies defendant's request.

The remaining two proposals, may, however, be effective.  The court believes and hopes that monetary sanctions will be sufficient to deter similar conduct in the future.  The court is willing to give plaintiff an opportunity to prioritize this case.  Plaintiff's counsel may have other cases he is juggling.  But there are few valid reasons for letting deadlines pass without—at a minimum—seeking an extension of time to comply with the deadlines.  To date, plaintiff has offered no reason, let alone a valid reason, for missing deadlines.

The court also believes and hopes that explicitly notifying plaintiff that the court takes deadlines seriously and that further failure to comply with them may result in dismissal of his case will be effective.

For these reasons, the court denies defendant's request for dismissal.  Instead, the court orders plaintiff to reimburse defendant's reasonable fees and costs associated with pursuing this motion and the untimely material sought so far in this case.  The parties must meet within 21 days to determine

whether the amount of attorney's fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney's fees and costs, then they must file a joint stipulation with the court. If the parties are unable to stipulate to the amount of attorney's fees and costs, then defendant must file its itemized affidavit for attorney's fees and costs on or before March 1, 2012. Plaintiff must file a response, if any, within 14 days of defendant's filing. If plaintiff fails to respond by that deadline, the court will issue a ruling without the benefit of a response from plaintiff. If a response is filed, then defendant may file a reply within 7 days of plaintiff's response.

The court also hereby explicitly warns plaintiff that further failure to comply with deadlines or timely seek extensions of time may result in dismissal of the case. The court does not desire to spend more time on this case determining what sanctions, if any, are appropriate for continued dilatory conduct.

For the reasons outlined above, the court denies defendant's request for the sanction of dismissal.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions (Doc. 21) is granted in part and denied in part.

Dated this 31st day of January, 2012, at Kansas City, Kansas.

                                                                    s/ Carlos Murguia
                                                                    **CARLOS MURGUIA**
                                                                    **United States District Judge**