IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER SAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-2231-CM |
| | ) |
| JOHNSON COUNTY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This employment discrimination case came before the undersigned U.S. Magistrate Judge, James P. O'Hara, on March 7, 2012, for a pretrial conference. At the conference, plaintiff Christopher Sager appeared through counsel Brian R. Barjenbruch, and defendant Johnson County Community College ("JCCC") appeared through counsel Mark A. Ferguson and Thomas E. Hammond, II. This order sets out rulings made on the record during the conference.

The record in this case is replete with examples of plaintiff's idleness in prosecuting this case and plaintiff's failure to respond to court-set deadlines. It also indicates that the court has warned plaintiff on multiple occasions that his continued dilatory conduct may result in dismissal of the case.[1] After plaintiff again failed to comply with a court order—this

---

[1] *See, e.g.,* doc. 35 at 7–8 ("The court also believes and hopes that explicitly notifying plaintiff that the court takes deadlines seriously and that further failure to comply with them may result in dismissal of his case will be effective. . . . The court also hereby explicitly warns plaintiff that further failure to comply with deadlines or timely seek extensions of time
(continued...)

O:\ORDERS\11-2231-CM-vacating deadlines.wpd

time that he answer discovery by February 28, 2012—defendant filed a motion to dismiss this case as a sanction (doc. 39). The motion to dismiss is not yet ripe for ruling.

Given the state of the record and the pending motion to dismiss, the April 6, 2012 dispositive motion deadline is vacated. Likewise, the November 5, 2012 trial setting is vacated. If this case remains pending following a ruling by the presiding U.S. District Judge, Carlos Murguia, on defendant's motion to dismiss, then **within 14 days** of the ruling counsel shall confer and contact the undersigned to suggest new settings.

IT IS SO ORDERED.

Dated March 7, 2012, at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[1](...continued)
may result in dismissal of the case."); doc. 36 at 2 ("Plaintiff is admonished that, in the hopefully unlikely event he fails to comply with the present order compelling discovery and to devote his attention to the upcoming deadlines, the court might (and presumably will) dismiss his entire case as a sanction, as allowed by Fed. R. Civ. P. 16(f) and D. Kan. Rule 16.2(d).").