IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER SAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-2231-CM |
| | ) |
| JOHNSON COUNTY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

On February 14, 2012, the court granted as unopposed defendant's motion for an order compelling plaintiff to respond to outstanding discovery expenses (doc. 36). The order recognized defendant's request that it be awarded its expenses incurred in making the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). The court directed defendant to file an affidavit showing the attorney time and related expenses incurred in filing the motion. The court further directed plaintiff to show cause by March 6, 2012, why the requested fees and expenses should not be awarded against him for his failure to respond to the discovery requests as well as to the motion to compel. Defendant timely filed its fee affidavit, but plaintiff did not responded to the show-cause order.

On March 7, 2012, the undersigned conducted a pretrial conference in this case. During the conference, plaintiff's failure to respond to the fee affidavit, as well as plaintiff's

habitual failure throughout the course of this litigation to respond to deadlines,[1] was discussed. Plaintiff's counsel provided no explanation for plaintiff's inaction. The undersigned therefore granted defendant's fee request.

Rule 37(a)(5)(A) requires the court, in most situations, to award "reasonable expenses incurred in making the motion [to compel], including attorney's fees." The undersigned has reviewed defendant's fee affidavit (doc. 37). Unfortunately, the affidavit is a combined response to the fees awarded in the order of the undersigned on the motion to compel (doc. 36) and to the order of the presiding U.S. District Judge, Carlos Murguia, on defendant's motion to dismiss as a sanction (doc. 35). This combined response makes it difficult for the court to determine which fees were incurred in bringing the motion to compel. It appears that Exhibit D to the affidavit lists all of defense counsels' fees incurred in bringing the motion to compel, as well as "fees . . . necessary to further work on the Motion for Sanctions."[2] Thus, the undersigned has used Exhibit D as a starting point in determining reasonable fees associated with the motion to compel, but has taken a conservative approach and discounted any requested fees that might potentially have been incurred for some other reason.

Under this approach, the undersigned finds that $2,800.50 is the amount of fees incurred by defendant in making the motion to compel. This amount does not include fees

---

[1] Although the court will not list them here, the record is replete with examples of plaintiff's idleness in prosecuting this case and plaintiff's failure to respond to court-set deadlines. *See, e.g.,* docs. 35, 36, and 41.

[2] Doc. 37 at 3.

requested for attorney time billed on 12/18/2011, 1/4/2012, 1/13/2012, 1/16/2012, 1/19/2012, and 1/31/2012.  The remaining fees requested are reasonable and are awarded to defendant.

**Plaintiff is ordered to pay defendant $2,800.50 no later than March 31, 2012.**  Plaintiff is warned that if he fails to comply with this order, such inaction will be considered as a factor in deciding whether dismissal of this case as a sanction is appropriate.

IT IS SO ORDERED.

Dated March 13, 2012, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge