IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER SAGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-2231 CM/JPO |
| | ) |
| JOHNSON COUNTY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AS A SANCTION FOR FAILURE TO COMPLY WITH COURT ORDER

Defendant, Johnson County Community College (the "College"), submits this Reply Brief in Support of the College's Motion to Dismiss as Sanction for Failure to Comply with the Court Order (ECF Doc. 38-39). Plaintiff's Response (ECF Doc. 43) provides an insufficient basis for the Court to deny Defendant's Motion for dismissal as the appropriate sanction under the circumstances in this case. Plaintiff's Response is insufficient because the Response:

(1) misstates the law related to the culpability of Sager for the actions of his counsel;

(2) misstates the law related to a "three-strike rule" which does not exist;

(3) inaccurately argues that Plaintiff's medical records are of dubious importance; and

(4) ignores the fact that, without conducting any discovery, Plaintiff has no evidence upon which to overcome a motion for summary judgment.

For these reasons, the College's Motion to Dismiss Action as Sanction should be granted.

**(1)    Plaintiff Is Accountable For His Attorney's Actions**

Plaintiff misstates the law on this issue. Even though Sager's counsel admits that he was to blame for the multiple instances of culpable conduct, Sager's counsel inaccurately states that

Sager's counsel, not Sager, should face sanctions. This position directly contradicts Supreme Court, Tenth Circuit, and Kansas District Court case law on this issue.

Plaintiffs are not allowed to escape dismissal by blaming their attorneys for not disclosing discovery. *Gross v. GMC*, 252 F.R.D. 693, 697 (D. Kan. 2008) (case cited by the Court in ECF Doc. No. 35 at p. 5). The acts and omissions of counsel are properly attributable to the client. *Id.* This is because those acting through an agent are accountable for their agent's mistakes, and this rule "is no different when the agent is an attorney." *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002). In reaching its conclusion, the Tenth Circuit relied on rationale from the Supreme Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962).

In *Link*, the Supreme Court held that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of this counsel's unexcused conduct imposes an unjust penalty on the client." According to the Supreme Court, holding otherwise "would be wholly inconsistent with our system of representative litigation." *Id.* at 634. Parties freely select their lawyer-agents and are bound by their actions. *Id.* Accordingly, the Supreme Court upheld the district court's dismissal with prejudice after the plaintiff's attorney (who had a history of dilatory conduct) missed a pretrial conference without a justifiable excuse. *Id.*

Therefore, Court should follow the binding case law on this issue and disregard Plaintiff's argument on this point. Plaintiff *is* accountable for the actions of his counsel.

(2)  **There Is No "Three-Strike Rule" As Plaintiff Suggests**

Plaintiff also misstates the law on this issue. Plaintiff contends that "[t]he Tenth Circuit has adopted an informal 'three-strikes' rule concerning dismissal of an action for failure to comply with discovery." (ECF Doc. 43 at p. 2). This is not accurate.

Plaintiff relies on *Lee v. Max Int'l, LLC* for this alleged "informal three-strike rule," but the College contends that this case is more supportive of the College's position. 638 F.3d 1318, 1320-21 (10th Cir. 2011). In *Lee*, the court merely used an analogy to explain the situation where the litigant had failed to produce discovery responses after three chances to do so (not responding to the initial discovery requests and then not responding to two subsequent orders compelling production). *Id.* at 1321. Summarizing the situation, the court commented that "three strikes are **more than enough** to allow the district court to call a litigant out." *Id.* (emphasis added). In other words, court said that disobeying two orders compelling production is **more than enough** to justify a dismissal with prejudice. *Id.* This language does not adopt a three-strike rule. It suggests just the opposite. If disobeying two orders is **more than enough** to dismiss a case, then this clearly implies that disobeying one court order can justify dismissal.

Also, this may be Plaintiff's second strike on *this* issue, but Plaintiff has already received second chances on other issues as well. (*See* ECF Docs. 20, 22, 26, 28, 29, 32, 33, 34, 35, 36, 39). The Court should consider the totality of Plaintiff's infractions. This is not a single infraction to be viewed in a vacuum. A complete recitation of these issues is not necessary, but the Court should consider in part that in this case Plaintiff has been sanctioned twice for attorney's fees, forced the Court to issue two Show Cause Orders (ECF Docs. 20, 29), **and** failed to timely produce discovery in defiance of court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) (noting past dilatory conduct in affirming a dismissal). These acts are evidence of Plaintiff's continued and deliberate disregard for the Federal Rules of Civil Procedure and of the Orders of this Court. Although Plaintiff has now submitted discovery, his responses were served after the Pretrial Order has been entered and after the deadlines imposed by the Court passed. Therefore, the harm has already been done to the College and the delinquent submission should not be considered "compliance" (ECF Doc. No. 45).

The Court should wholly disregard Plaintiff's argument on this issue. The argument that "Plaintiff has only been given two chances to violate Rules and Court orders" should not be an argument that this Court finds persuasive. Instead, the Court should focus on the fact that Plaintiff fails to offer any explanation for his violations. Giving credibility to that argument contradicts the purpose of the Rules. The Rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As the Tenth Circuit warned in *Lee*:

> When a party feels at liberty to disobey not just a discovery request but two court orders compelling production of the same material in its control, weeks or months (as in this case) pass without progress in the litigation. Hours, days, weeks of lawyers' time are consumed at great expense. Focus shifts from the merits to the collateral and needless. This is not speedy, inexpensive, or just. Just the opposite. And no doubt tolerating such behavior would encourage only more of it.

638 F.3d at 1321. The Court should subscribe to that warning and disregard Plaintiff's argument on this point as unpersuasive and contrary to the law which is intended to assure the just, speedy and inexpensive determination of this issue. Otherwise, Plaintiff clearly will continue believing he is entitled to disobey not one, but two court orders before a dismissal is justified.

### (3) Plaintiff's Medical Records Are Highly Relevant

The College will not restate its argument for the prejudice it has endured in this lawsuit related to Plaintiff's failure to produce appropriate discovery responses. (*See* ECF Doc. 49 at p. 6.) However, it is necessary to correct Plaintiff's inaccuracies in asserting that the discovery being wrongfully withheld here (Plaintiff's medical records) is "of dubious importance at best." (ECF Doc. 43 at p. 3.) Plaintiff's medical records are highly relevant to this case.

In all three counts in the Complaint, Plaintiff alleged he suffered damages as result of "mental distress in the form of embarrassment, degradation, humiliation, mental anguish,

anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses." (ECF Doc. 1 at ¶¶ 29, 38, and 48.) Further, in Plaintiff's version of the *Proposed* Pretrial Order, Plaintiff claims that these soft damages amounted to $500,000.00—more than double all other elements of Plaintiff's alleged damages combined. By asserting these allegations, Plaintiff makes his mental and physical health more than merely relevant; it is one of the most important issues in this lawsuit.

For the College to assess Plaintiff's alleged non-pecuniary losses accurately, the College must have full access to Plaintiff's medical records. This is important because those records may reveal prior medical conditions which could have caused or contributed to any alleged damages. If any such prior health conditions existed, then the College would have retained a an expert to assess whether or not those health conditions. The deadline for disclosure of experts has long since passed. If the medical records reveal other causation or contributing causes, the College would have retained an expert in order to establish that these other conditions caused the damages instead of the alleged counts against the College. The proof would have been that these other causes caused or contributed to Plaintiff's soft damages.

But without those records, the College loses the opportunity to defend itself on that theory. This is highly prejudicial to the College and gives Plaintiff an unfair advantage in this lawsuit. And Plaintiff obtained that unfair advantage solely through his violations of the Rules and the Orders of this Court. For Plaintiff to argue that Plaintiff's health records are "of dubious importance" is disingenuous and is further evidence of bad faith. When Plaintiff claims $500,000.00 in soft damages, Plaintiff cannot in good faith argue that Plaintiff's medical history is not relevant to this lawsuit. This evidence of bad faith, coupled with Plaintiff's pattern of dilatory conduct, warrants a sanction of dismissal with prejudice.

**(4)   Without Discovery, Plaintiff Cannot Overcome A Motion For Summary Judgment**

The deadline for discovery expired February 17, 2012, nearly ten months after the lawsuit was filed. In those ten months, Plaintiff did not conduct any deposition discovery. Without conducting any depositions in order to obtain sworn testimony, Plaintiff cannot overcome a motion for summary judgment. This is because Plaintiff will have nothing other than his own self-serving affidavits, which are not enough to support a prima facie case. Plaintiff cannot create a dispute of material fact with his own conclusory opinion that he was harassed or retaliated against. *Lawson v. Potter*, 463 F. Supp. 2d 1270, n.8 (D. Kan. 2006). The Rules require all facts to be supported by admissible evidence in the record. Fed. R. Civ. P. 56(c); D. Kan. R. 56.1(b). Additionally, as discussed with Judge O'Hara during the Final Pretrial Conference, Sager will be prevented from using information or witness information to support his briefing in opposition to a Motion for Summary Judgment or at trial. Fed. R. Civ. P. 37(c)(1). Failure to disclose may also result in a dismissal as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). Plaintiff will have no evidence in the record whatsoever, and therefore, will not have any evidence to overcome a motion for summary judgment. This inevitable result provides even further justification for dismissing this lawsuit with prejudice now. Not dismissing this case now will only delay the inevitable, but it will at least save the judicial resources and the parties' resources in going through expensive and time-consuming summary judgment proceedings.

## CONCLUSION

WHEREFORE, the College respectfully requests this Court to order the following:

1. Dismiss this lawsuit with prejudice as a sanction for multiple failures to meet Plaintiff's fundamental obligations under the Federal Rules of Civil Procedure

and find that the sanction of dismissal is now justified based upon Sager's repeated refusal and failure to engage in discovery, provide disclosures, respond to discovery requests or cooperate in discovery, and failure to comply with the rules of this District, the Federal Rules of Civil Procedure, and Orders of this Court; and

2. All other relief that the Court deems just and proper.

>GATES, SHIELDS & FERGUSON, P.A.
>
> By: /s/ Mark A. Ferguson
>     Mark A. Ferguson    KS#14843
>     10990 Quivira, Suite 200
>     Overland Park, Kansas 66210
>     (913) 661-0222 Telephone
>     (913) 491-6398 Facsimile
>     MarkFerguson@gsflegal.com
>
> ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the **27th day of March, 2012**, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

> /s/ Mark A. Ferguson
> ATTORNEY FOR DEFENDANT