IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER SAGER** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-2231 CM/JPO |
| **JOHNSON COUNTY COMMUNITY COLLEGE** | ) |
| Defendant. | ) |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant Johnson County Community College ("JCCC"), in its reply in support of its motion to dismiss, fails to note that plaintiff Christopher Sager ("Sager") is now in compliance with this Court's order of February 14, 2012. JCCC also misstates the sanction of Rule 37(c)(1), and fails to note its own deficiencies in discovery in this matter.

**I.    SAGER IS NOW IN COMPLIANCE WITH THIS COURT'S ORDER OF FEBRUARY 14, 2012.**

JCCC glaringly omits one important development in this case—Sager has now complied with this Court's order of February 14, 2012. On March 22, 2012, Sager hand-delivered the information ordered in this Court's order of February 14, 2012 to JCCC's counsel's office, as well as the monetary sanction ordered by this Court on March 13, 2012. (Document #45). While these materials have been delayed, the materials have been delivered in sufficient time for JCCC to draft its dispositive motion and prepare for trial.

This Court's order of March 13, 2012 contemplates the possibility that JCCC's motion to dismiss may be denied if Sager can demonstrate compliance with this Court's instructions. (See Document #45, p. 3). Sager has done so, and this Court should take Sager's efforts into account in deciding JCCC's motion to dismiss.

## II.     JCCC MISSTATES THE IMPACT OF RULE 37(c)(1) IN THIS CASE.

As in its previous motion papers, JCCC overstates its position on this case going forward. JCCC asserts that Sager will be unable to defend himself from a motion for summary judgment because Sager has failed to produce anything in discovery. JCCC's statement of the facts and law is inaccurate. Sager has produced over five hundred pages as part of his initial disclosures under Rule 26(a)(1). Sager has also identified numerous witnesses in his Rule 26(a)(1) disclosures and his answers to JCCC's first set of interrogatories. Sager will be entitled to not only introduce his own affidavit but also affidavits from any of the witnesses he has identified to date. Sager will also be permitted to introduce any documents he disclosed as part of his initial disclosures, as well as any documents produced by JCCC as part of its initial disclosures.

Rule 37(c)(1) does not stretch as far as JCCC represents. Rule 37(c)(1) states that, if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. First, JCCC relies on the false presumption that Sager has failed to disclose anything, which is simply not true. Sager will be permitted to defend a motion for summary judgment from the materials he supplied as part of his initial disclosures. Further, Sager will be permitted to rely not only in his affidavit, but also the affidavit of any individual identified in Sager's initial disclosures, or any witness identified in documents produced by JCCC.

JCCC would like this Court to believe that it has completely clean hands in this matter. However, JCCC has also failed to properly supply discoverable information to Sager. On

October 31, 2012, JCCC served a subpoena on Cerner Corporation concerning Sager's claims in Count III.  (Document #23).  JCCC did not supply these documents to Sager until after the close of discovery.  This is significant because JCCC did not supplement its initial disclosures to identify two additional witnesses that were identified in the documents produced by Cerner Corporation.  These individuals have information that is clearly relevant to Sager's claims, and have since been identified in Sager's supplemental answers to JCCC's first set of interrogatories.

**III.  CONCLUSION**

This Court has reason to be frustrated with the parties in this case.  However, Sager has now complied with all ordered discovery matters and has paid this Court's sanction.  JCCC is wrong in its assertion that Sager is defenseless from a motion for summary judgment.  This Court should permit the parties to proceed and deny JCCC's motion for summary judgment.

Respectfully submitted,

LAW OFFICES OF BRIAN R. BARJENBRUCH, LLC

/s/ Brian R. Barjenbruch
Brian R. Barjenbruch          KS # 21523
18409 E. 27th Terrace S.
Independence, MO 64057
(816) 668-5323—Telephone
barjenbruchlaw@gmail.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 30th day of March, 2012, notice of the filing of the foregoing was sent via the CM/ECF electronic filing system for the U.S. District Court for the District of Kansas to all parties in this matter and their who are so registered to receive information relating to this action.

/s/ Brian R. Barjenbruch
Attorney for plaintiff