IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER SAGER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-2231-CM |
| ) | |
| **JOHNSON COUNTY COMMUNITY** ) | |
| **COLLEGE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Christopher Sager brings this employment discrimination action against his former employer, defendant Johnson County Community College, pursuant to Title VII of the Civil Rights Act of 1964. After repeated instances of inaction by plaintiff, defendant filed Defendant's Motion for Immediate Dismissal of Action as Sanction for Failure to Comply with the Court Order (ECF Doc. No. 36) (Doc. 38). This motion comes on the heels of the court's order denying a previous request for dismissal as a sanction. The court entered the earlier order on January 31, 2012. In that order, the court detailed the actions that plaintiff either failed to take or took in an untimely manner. (Doc. 35.) The court also explicitly warned plaintiff that further failure to comply with deadlines or timely seek extensions of time may result in dismissal of this case.

After the court entered its January 31 order, the following events occurred:

- Plaintiff failed to timely respond to defendant's motion to compel (filed on January 25, 2012).

-1-

- Judge O'Hara entered an order compelling production of discovery by February 28, 2012 (Doc. 36).  He furthered directed plaintiff to show cause by March 6, 2012, why the court should not assess sanctions and expenses against him for failing to respond to defendant's discovery requests and motion to compel.

- Plaintiff failed to produce the discovery by February 28.

- Plaintiff failed to respond to the order to show cause by March 6.

- Judge O'Hara conducted the pretrial conference but vacated the dispositive motion deadline and trial setting.

- Judge O'Hara ordered plaintiff to pay defendant's attorney's fees relating to the motion to compel by March 31.

- Plaintiff certified that he delivered the discovery that was the subject of the motion to compel and a check for attorney's fees on March 22.

- Plaintiff filed a surreply to defendant's motion to dismiss without seeking leave to do so—prompting defendant to file a motion to strike the surreply.

In light of this conduct, the court again finds itself in a position of determining what sanctions, if any, are appropriate.  In making this evaluation, the court incorporates by reference the chart outlined in its last order, and also considers plaintiff's conduct since that time.

### I.      Governing Legal Standards

The court returns to the legal standards that it applied in its previous order on sanctions.  When a party fails to obey court orders, the court "may issue any just orders."  Fed. R. Civ. P. 16(f)(1). Under this authority, the court may sanction the delinquent party under Rule 37(b)(2)(A)(ii)-(vii).  *Id.* Rule 37 gives the court a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures.  The court may prohibit the uncooperative party from

supporting or opposing particular claims/defenses or may limit evidence the party may introduce at trial.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Or the court may dismiss some or all of the party's claims.  *See id.* 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  When considering dismissal as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (affirming a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37).  The court may dismiss a case if these factors outweigh the court's preference to resolve cases on their merits.  *Nelson v. Herff Jones*, No. 07-2170-JPO, 2008 WL 427549, at *3 (D. Kan. Feb. 13, 2008).  The sanction of dismissal is "appropriate only in cases of willful misconduct."  *Ehrenhaus*, 965 F.2d at 920.

**II.    Discussion**

Once again, plaintiff asks the court not to dismiss the case because he is now in compliance.  He further argues that any behavior should be held against counsel, and not against plaintiff himself.  The court now turns to the factors for evaluating whether dismissal is a justified remedy.  In the interest of efficiency, the court will not repeat all of its analysis from the January 31 order.  The analysis from the prior order still stands, however, with the exception of the evaluation of whether plaintiff has received a prior warning and the efficacy of lesser sanctions.  In considering both of those factors, the court determines that the circumstances have changed and shifted the weight of the factors.

### A. Degree of Actual Prejudice

Plaintiff's behavior has cost defendant unnecessary time and money. Defendant has had to write numerous letters and emails regarding plaintiff's delinquency. And now plaintiff's dilatory actions caused defendant to expend significant resources researching and briefing not one—but two—motions for sanctions. The focus of the disputes in this case has been plaintiff's conduct, not the merits of the case. This is not the way litigation should function.

The fact that plaintiff has now turned over the discovery sought by the motion to compel does not minimize defendant's prejudice. The amount of additional effort it took to obtain that discovery is the problem here. The court finds that defendant has suffered actual prejudice.

### B. Interference with Judicial Process

Plaintiff has also interfered with judicial process. As the court mentioned in its prior order, the court's efforts in this case have been unnecessarily multiplied because of plaintiff's failure to respond to motions or to respond in a timely fashion. Judge O'Hara vacated the deadline for dispositive motions and the trial setting because of plaintiff's conduct, potentially delaying the case further. Taken in sum, plaintiff's actions have slowed down judicial process significantly in this case. The court will not repeat the same discussion as last time on this factor, but the factor still weighs in favor of dismissal.

### C. Litigant's Culpability

The pattern of dilatory conduct in this case—particularly between the court's January 31 order and now—strongly suggests that plaintiff is culpable for his conduct. To the extent that the missed deadlines in this case are plaintiff's counsel's fault and not plaintiff's, the difference is immaterial. As the court instructed plaintiff before, counsel's acts are attributable to plaintiff, and plaintiff therefore cannot contend that he is undeserving of punishment for his counsel's inability to adhere to deadlines.

*Gross v. Gen. Motors Corp.*, 252 F.R.D. 693, 698 (D. Kan. 2008).  This factor weighs in favor of dismissal.

    D.  Prior Warning

Last time, this factor weighed against dismissal.  But plaintiff has now been explicitly warned.  This court advised plaintiff that if his behavior continued, dismissal was a possible sanction.  And Judge O'Hara advised plaintiff in his order on the motion to compel that "in the hopefully unlikely event he fails to comply with the present order compelling discovery *and* to devote his attention to the upcoming deadlines, the court might (and presumably will) dismiss his entire case as a sanction . . . ."  (Doc. 36 at 2.)  Despite these warnings, plaintiff still failed to (1) timely respond to defendant's motion to compel; (2) produce the discovery by February 28; and (3) respond to Judge O'Hara's show cause order by March 6.  This factor weighs in favor of dismissal.

    E.  Efficacy of Lesser Sanctions

Finally, the court considers the efficacy of lesser sanctions.  At the time the court issued its previous order, the court believed and hoped that lesser sanctions than dismissal would be effective.  Unfortunately, the court was wrong.  The threat of monetary sanctions does not appear to concern plaintiff.  The court considered at length the possibility of other sanctions in its previous order.  The court has now come to the conclusion that nothing short of dismissal of this action will instill the importance of deadline compliance and active case participation in plaintiff.  This is plaintiff's case.  Plaintiff cannot summon defendant into court and then ignore the case, deadlines, and court orders.

After analyzing the above factors, the court concludes that they outweigh the court's preference to resolve this case on its merits.  Despite being given multiple chances to comply with deadlines and orders, plaintiff has repeatedly failed to act in a timely fashion—even after being warned of the possible consequences for continuing his behavior.  The court, after careful review, finds plaintiff's

misconduct willful.  For all of these reasons, the court grants defendant's request for the sanction of dismissal.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Immediate Dismissal of Action as Sanction for Failure to Comply with the Court Order (ECF Doc. No. 36) (Doc. 38) is granted.  The case is dismissed with prejudice as a sanction.

Dated this 14th day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**